**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JAMES LE'ROY KELLEY,** | ) | |
| **ID # 01894193,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:14-CV-2984-D (BH)** |
| | ) | |
| **LORIE DAVIS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Pursuant to *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation.  Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice, and the amended motion for summary judgment should be **DENIED**.

## I.  BACKGROUND

James Le'Roy Kelley (Petitioner) challenges his convictions for possession of a controlled substance in a drug-free zone in Cause No. F09-59178 and fraudulent use/possession of identifying information in Cause No. F09-72634.  The respondent is Lorie Davis, Director of TDCJ-CID (Respondent).

**A.     Factual and Procedural History**

On November 16, 2009, in No. F09-59178, the State indicted Petitioner for possession of a controlled substance, less than one gram of cocaine, in a drug-free zone.  (Doc. 14-12 at 5[1].)  On March 26, 2010, in No. F09-72634, he was indicted for fraudulent use/possession of identifying

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

information.  (Doc. 14-13 at 4.)  Petitioner pled guilty and received a five-year sentence in each case,

with the sentences to be served consecutively.  (Doc. 14-12 at 24.; doc. 14-13 at 13.)

On direct appeal, Petitioner alleged that counsel was ineffective for not requesting a court

reporter.  He also alleged that the judgments stated he was sentenced pursuant to a plea agreement,

but he entered open pleas of guilty.  The judgments were affirmed and reformed to show open pleas

of guilty without a plea agreement.  *See Kelley v. State*, 2013 WL 363751, Nos. 05-11-00842-CR,

05-11-00843-CR (Tex. App.–Dallas, January 21, 2013); (doc. 36-4 at 219, doc. 36-8 at 213).  He

filed a petition for discretionary review (PDR) on May 16, 2013, which was refused.  *See Kelley v.*

*State*, PD-170-13, PD-171-13 (Tex. Crim. App. June 26, 2013).  He did not file a petition for writ

of certiorari with the Supreme Court.

Petitioner mailed a state habeas application for each case on June 3, 2014.  (Doc. 36-4, doc.

36-8.)  On February 4, 2015, the Court of Criminal Appeals denied both applications.  (Doc. 36-1,

doc. 36-5); *see Ex parte Kelley*, Nos. WR-82,613-01, WR-82,613-02 (Tex. Crim. App. Feb. 4,

2015).

**B.**     **Substantive Claims**

On July 31, 2014, Petitioner mailed his federal habeas petition and memorandum of law.

(Docs. 1,  2.)  He raises the following claims, which he had raised at the state level:

(1) His trial attorney provided ineffective assistance of counsel (ground one) by failing to:

-object to no court reporter during sentencing;

-be present and to have Petitioner present during part of the sentencing;

(2) The supplemental clerk's records are fraudulent because they show a five-year sentence
that Petitioner never received (ground two) and an improper cumulation of sentences where
the court did not order cumulated sentences (ground three); and

2

(3) The sentences should be concurrent because they have the same start date and pretrial credit (ground four).

Respondent filed a response on October 27, 2014, arguing that the claims were not exhausted, and provided the state court records.  (Doc. 20.)  Petitioner filed a reply brief asserting new claims on December 1, 2014, and an addendum to the reply brief on December 30, 2014. (Doc.24, doc. 25.)  He filed an addendum of facts on January 28, 2015.  (Doc. 29.)  On March 10, 2015, Petitioner filed a notice that he had exhausted his state remedies with state habeas corpus applications.  (Doc. 30.)  Respondent filed a supplemental response conceding that the claims were exhausted, with the state habeas corpus records, on April 15, 2015.  (Doc. 35.)  Petitioner filed a supplemental reply brief asserting a new claim and an appendix on May 8, 2015.  (Doc. 37, doc. 38.) Petitioner filed a motion for summary judgment on March 18, 2016 (doc. 41), and an amended motion for summary judgment filed on May 12, 2016 (doc. 42).  His amended motion for summary judgment raises new claims.

## II.  APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

3

of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding.'"   *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).   The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence.   28 U.S.C. § 2254(e)(1).

### III. NEW CLAIMS

In his reply brief, Petitioner raised for the first time new claims of ineffective assistance of counsel for failing to visit him in jail and inform him of the consequences in sentencing.   (Doc. 24 at 10.)   In his supplemental reply brief, he raised a new claim that a transcription of the proceedings would have shown his plea was involuntary because he was not guilty.   (Doc. 37 at 5-6.)   He claimed the identification was his nephew's, and the car in which the drugs were found was not his. His amended motion for summary judgment also raised for the first time new claims that the trial court failed to properly admonish him and determine that his plea was voluntary.   (Doc. 42 at 2.) He contended that the indictment in the fraudulent use/possession of identifying information case (F09-72634) alleged he obtained, transferred, and possessed five items of another person's identifying information (name, identification card, address, date of birth, and social security card), but factually he possessed only two items – the identification card and the social security card.   He argued that he should have been sentenced under the statute for possessing less than five items rather than the statute for possessing five to nine items.   (*Id.* at 3.)

A petitioner must fully exhaust state remedies before seeking federal habeas relief.   28 U.S.C. § 2254(b).   To exhaust under § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429,

432 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982).  In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.   A petitioner must present his claims in a procedurally correct manner as well.  *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795.

Here, Petitioner has attempted to present habeas claims to the federal court before the state courts had the opportunity to rule on them, thereby preventing the state courts from ruling on, and if necessary, correcting any constitutional errors that might have occurred in this case.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  He is not entitled to habeas corpus relief on his new claims for failure to exhaust his state remedies.

In addition, Petitioner's new claims are procedurally barred from federal habeas review.  *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred.  *Id*.  In those cases, the federal procedural default doctrine precludes federal habeas corpus review.  *Id*.; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred).   Here, if Petitioner brought his unexhausted claims in a subsequent state habeas corpus application, the Court of Criminal Appeals would consider these claims to be procedurally defaulted as a successive state habeas application under Article 11.07 §

4 of the Texas Code of Criminal Procedure.  His new claims would therefore also be procedurally barred from federal habeas review.

Finally, the new claims lack merit.  Petitioner does not allege how he was prejudiced by counsel's alleged failure to visit him in jail.  He does not allege any consequences of sentencing of which he was not made aware.  He does not allege how his plea was involuntary, other than to claim he was not guilty.  The judgments state he was admonished as required by law, his plea was voluntary, and he was aware of the consequences of the plea.  (Doc. 36-4 at 220; doc. 36-8 at 217.) The plea documents Petitioner signed include the necessary admonitions regarding the range of punishment, his rights, and the waiver of rights.  (Doc. 36-4 at 216-17; doc. 36-8 at 213-14.)  He judicially confessed to the offenses.  (Doc. 36-4 at 218; doc. 36-8 at 215.)  He has not overcome the "great weight" and presumption of regularity accorded to court documents.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity"). He has not shown his plea was involuntary or that counsel was ineffective as alleged in the new claims.  Petitioner's new claims should be denied.

## IV.  FRAUDULENT RECORDS

Petitioner contends he did not receive a five-year sentence in No. F09-72634, and the trial court did not pronounce that the sentences would be served consecutively.  He argues that the fingerprints on the certificate of thumbprint attached to the judgment in that case were copies of the

fingerprints from the certificate of thumbprint attached to the judgment in No. F09-59178.  He also

argues that the certificate of fingerprints in No. F09-72634 states the fingerprints were taken on

December 31, 2010, but the judge signed the certificate of fingerprints on November 24, 2010.  He

contends that counsel did not sign the plea papers in No. F09-72634, which made the proceedings

unreliable.  He also appears to assert that the sentence in No. F09-72634 was for 90 days of time-

served.  Additionally, he argues that the sentences should not be consecutive, because he received

pretrial credit for the same period of time in each case.

**A.**      **Lack of Counsel's Signature on Plea Document**

The plea documents filed in each case on November 24, 2010, state that Petitioner was

entering an open plea of guilty with no agreed recommendation.  (Doc. 36-4 at 216; doc. 36-8 at

213.)  The plea document in F09-59178 was signed by Petitioner and counsel.  (Doc. 36-4 at 217.)

The plea document in F09-72634 was signed by Petitioner, but not by counsel.  (Doc. 36-8 at 214.)

However, the judicial confession signed by Petitioner in F09-72634 on November 24, 2010, was also

signed by counsel on that date.  Petitioner has not demonstrated how counsel's failure to sign that

document shows he did not receive a five-year sentence in that case or how it shows that the trial

court did not pronounce the cumulation of sentences in open court.

**B.**      **Certificate of Thumbprint**

The certificate of thumbprint attached to the judgment in F09-72634 states the fingerprints

were taken in court on December 31, 2010, which was the date that sentence was imposed and the

judgment was signed.  (Doc. 36-8 at 218.)  It was signed by the judge with the date shown as

November 24, 2010, however, which was the date that the plea documents were signed.  (*Id*.)  The

certificate of thumbprints attached to the judgment in F09-59178 also states the fingerprints were

taken in court on December 31, 2010, and that the judge signed it on that date.  (Doc. 36-4 at 221.)

Petitioner does not demonstrate how the incorrect signing date on the certificate of thumbprint in

F09-72634 was fraudulent, how it affected the constitutional validity of the judgment, how it shows

that he did not receive a five-year sentence in that case, and how it shows the cumulation of his

sentences was not pronounced in court.  Even if a copy of the same set of fingerprints was used for

both judgments, that does not show he did not receive a five-year sentence in F09-72634 or that the

court did not pronounce that the sentences would be served consecutively.

C.    **Presumption of Regularity of Court Documents**

In addition, Petitioner has not overcome the "great weight" and presumption of regularity

accorded to court documents.  *See Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *United States*

*v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is

accorded great evidentiary weight" when determining whether a plea is entered voluntarily and

knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court

records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974)

(holding that court records "are entitled to a presumption of regularity").

The judgments in F09-72634 and F09-59178, as reformed on appeal, state that Petitioner

appeared with counsel and entered "open" pleas of guilty without a plea agreement.  (Doc. 36-4 at

219-20, doc. 36-8 at 216-17.)  The court found him guilty and sentenced him to five years in each

case, with the sentence in F09-59178 to begin when the sentence in F09-72634 was completed, in

Petitioner's presence on December 31, 2010.  (*Id.*)  The docket sheets state he entered his plea of

guilty, was convicted, and was sentenced to five years in each case, with the sentence in F09-59178

to run consecutively to the sentence in F09-72634.  (Doc. 36-4 at 215; doc. 36-8 at 212.)

Although Petitioner has pointed to two irregularities in the court documents, he has not shown that he did not receive a five-year sentence in F09-72634, and he has not shown the court did not pronounce the cumulation order for the sentences.

Petitioner has not shown that the state court's denial of relief on his claims was an unreasonable application of federal law or an unreasonable determination of the facts.

**D.** **90-day Sentence**

Petitioner appears to assert he received a 90-day sentence of time served in F09-72634. When he entered the guilty pleas and was sentenced in Nos. F09-59178 and F09-72634, he also pled guilty and was sentenced in No. F10-52742 to 90 days of time served.  (Doc. 36-4 at 136, 143-44). The judgment in F09-72634 states he received a five-year sentence.  Petitioner has not overcome the great weight and presumption of regularity accorded to court documents.  *See Blackledge v. Allison*, 431 U.S. 63; *United States v. Abreo*, 30 F.3d at 32; *Bonvillian v. Blackburn*, 780 F.2d at 1252; *Webster v. Estelle*, 505 F.2d at 929-30.  He has not shown he received a 90-day sentence in F09-72634 instead of a five-year sentence.

**E.** **Concurrent Sentences - Time Credit and Start Date**

Petitioner asserts the sentences should be concurrent because both show pretrial credit from June 30, 2010, through December 31, 2010, and both have a start date of December 31, 2010.

The judgment in F09-59178 states that Petitioner was to receive credit for certain periods of pretrial incarceration, including from June 30, 2010, to December 31, 2010.  (Doc. 36-4 at 219.) The judgment in F09-72634 also states he is to receive credit from June 30, 2010, to December 31, 2010.  (Doc. 36-8 at 216.)  Both judgments state the "Date Sentence to Commence" is December 31, 2010.  (Doc. 36-4 at 219; doc. 36-8 at 216.)  The judgment in F09-59178, however, states that

the sentence "shall run consecutively and shall begin only when the judgment and sentence in [F09-72634] has ceased to operate."

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). The correctness of the state court's interpretation of state law is beyond the scope of federal habeas review. *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir.2004); *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir.1998); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir.1995). The determination of what constitutes a cumulation order is a matter of state law. Here, the Court of Criminal Appeals denied the state habeas application and thereby rejected the claim. The correctness of that court's decision as a matter of state law cannot be reviewed on federal habeas corpus.

Moreover, in *Stokes v. State*, 688 S.W.2d 539 (Tex. Crim. App. 1985), the court addressed a judgment that stated a sentence was to be served after completion of a sentence in another case, but it also stated that the sentence "shall begin this date." *Id.* at 541. The court noted that under Texas Code of Criminal Procedure art. 44.02, "[t]he sentence is that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law," and " is the catalyst which enables the execution of the judgment. The sentence comes into existence on the day and at the time it is pronounced." *Id.* at 541. It held:

> As we read the cumulation order the trial court did not set two different dates for the sentence to commence. The phrase "the sentence pronounced herein shall begin this date" was used to mean simply that the sentence came into existence that day, and was a valid sentence as of that date. It was immediately followed by a qualification as to when the sentence was to be served. The order should be read as a whole and the phraseology therein construed together. This is a common sense interpretation of the cumulation order, and we do not agree that it was insufficient on its face to convey clear and unequivocal orders to the prison authorities.

*Id.* at 541-42.

11

As in *Stokes*, the judgment's recitation that the sentence commenced on December 31, 2010, meant that the sentence came into existence on that date.  The judgment then stated that it would begin when the sentence in F09-72634 was completed.  Petitioner has not shown that the state court's denial of relief on this claim was an unreasonable application of federal law or an unreasonable determination of the facts.

In conclusion, Petitioner's grounds for relief based on the judgments should be denied.[2]

## V.  INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims that his trial counsel was ineffective by (1) failing to object to the lack of a court reporter, and (2) failing to be present and to have him present during part of the sentencing.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. art. VI.  The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, a movant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A failure to establish either prong of the *Strickland* test requires a finding that counsel's

---

[2] Respondent also argues that Petitioner's remaining claims were waived by his guilty plea. (*See* doc. 35 at 3.)  "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Courts have held that a guilty plea does not waive claims of sentencing error, however. *See Baumgartner v. United States*, No. 2:09-CV-015, 2011 WL 3652335 at *7 (N.D. Tex. Aug. 3, 2011), *rec. adopted*, 2011 WL 3678674 (N.D. Tex. Aug. 19, 2011); *Dawes v. Quarterman*, Nos. 3:05-CV-0946-G, 3:05-CV-0955-G, 2006 WL 2456491 at *1 (N.D. Tex. Aug. 23, 2006); *see also Ojena v. Thaler*, No. 3:10-CV-2601-P, 2011 WL 4048514 at *3-4 (N.D. Tex. Aug. 25, 2011), *rec. adopted*, 2011 WL 4056162 (N.D. Tex. Sept. 12, 2011) (finding waiver of non-jurisdictional challenges to the conviction based on events prior to guilty plea, but not to claims of ineffective assistance of counsel at sentencing).  Because Petitioner's remaining claims concern his sentencing and matters that arose after his plea of guilty, the guilty plea did not waive those claims.

performance was constitutionally effective.  *See Strickland*, 466 U.S. at 696.  The Court may address the prongs in any order.  *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  Movants must "affirmatively prove prejudice." *Id.* at 693.  The prejudice component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted).  Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel.  *Strickland*, 466 U.S. at 695-96.  One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture.  *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).  Conclusory allegations, furthermore, are insufficient to obtain federal habeas relief.  *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A.      **Presence of Counsel and Petitioner at Sentencing**

Petitioner contends counsel failed to ensure he and Petitioner were present at sentencing in F09-72634.  As discussed, counsel did not sign the plea document in that case on November 24,

2010, but he did sign the judicial confession on that date.  Counsel also signed the plea document in F09-59178 on that date.  Moreover, the sentencing occurred on December 31, 2010.  The judgment states counsel and Petitioner were present on that date in both cases.  The state habeas court found that the record showed that Petitioner was present with counsel when sentence was imposed.  (Doc. 36-8 at 201.)  The court also found that the record did not support Petitioner's claim that the sentences were cumulated outside his presence.  (*Id*.)

Petitioner has not overcome the great weight and presumption of regularity accorded to court documents.  *See Blackledge v. Allison*, 431 U.S. 63; *United States v. Abreo*, 30 F.3d at 32; *Bonvillian v. Blackburn*, 780 F.2d at 1252; *Webster v. Estelle*, 505 F.2d at 929-30.  Petitioner has not shown that the state court's denial of relief on this claim was an unreasonable application of federal law or an unreasonable determination of the facts.  This ground for relief should be denied.

## B.    Lack of Court Reporter

Petitioner contends counsel failed to object to the lack of a court reporter.  He asserts that the lack of a court reporter allowed the court to show a sentence in F09-72634 that was not pronounced in the presence of Petitioner and counsel.  In his reply brief, he claims that there was a plea agreement for probation, but when it became clear probation was not guaranteed, he withdrew his plea.  (Doc. 24 at 10.)  He contends that if the proceedings were transcribed, he would be able to show the errors in sentencing.

On appeal, Petitioner alleged ineffective assistance for failure to request that the court reporter transcribe the plea proceeding.  The state appellate court noted that this type of claim was more appropriately raised on habeas corpus and held that the record did not show ineffective assistance.  *Kelley v. State*, 2013 WL 363751.  Petitioner then raised this claim in state habeas.

14

In response, counsel submitted an affidavit. (Doc. 36-4 at 206; doc. 36-8 at 204.) It stated that he represented Petitioner in Nos. F09-59178, F09-72634, and F10-52742. (*Id.*) The charge in F10-52742 was for possession of less than one gram of a controlled substance, which was a state jail felony. (*Id.*) The charges in F09-59178 and F09-72634 were for third degree felonies. (*Id.*) Petitioner "decided to go open to the judge." (*Id.*) On the date of sentencing, there was an agreed plea for "a 12.44a [(reduction of state jail felony punishment to misdemeanor punishment under Texas Penal Code § 12.44(a))] on one case and 5TDC [(5 years in the Texas Department of Corrections)] on each of the 3rd degrees. The cases would stack because of the DFZ [(drug free zone)]." (*Id.*) Petitioner decided to accept the plea offer. (*Id.*) Counsel believed that the judge asked if Petitioner and counsel wanted to waive a court reporter, and they agreed to do so since it was an agreed plea. (*Id.*) If at any time Petitioner "had not been in agreement to waive a court reporter [he] would have certainly requested that the sentencing be on the record." (*Id.*) Counsel disagreed that there was a plea agreement for probation and that Petitioner withdrew his plea. (*Id.*) He conceded it appeared that he did not sign the plea document in F09-72634. (*Id.*)

The state habeas court found that counsel's statements were worthy of belief. (Doc. 36-4 at 202; doc. 36-8 at 200.) It explained that under Texas Health & Safety Code § 481.134(h), a sentence for an offense committed in a drug-free zone, such as the one in F09-59178, cannot be served concurrently with another sentence. (*Id.* at 201-02.) It made no findings about whether the guilty plea was entered pursuant to a plea agreement. The court noted that counsel averred there was a plea agreement, but on appeal, the state appellate court held that there was no plea agreement and ordered the judgments reformed to state the guilty pleas were open, without a plea agreement. The Court of Criminal Appeals denied the habeas applications without written order.

15

As discussed, Petitioner has not shown that he and counsel were absent during sentencing in F09-72634, and he has not shown that there were any other sentencing errors. He relies on a statement he made in the presentence report in which he explained why he "would like the opportunity to attempt this probation" and expressed his belief that he would "successfully complete the probation offered." (Doc. 15-4 at 8.) This statement does not establish that he pled guilty with an agreement for probation, and the presentence report was prepared approximately two months before the plea hearing. *Kelley v. State*, at *1. He does not allege when the plea bargain for probation was offered and accepted. Counsel denied there was any such agreement, and the judgments recite there were no plea agreements. He has not shown that he pled guilty with an agreement for probation and that he then withdrew his guilty plea. Therefore, Petitioner has not shown that a court reporter's transcription of the sentencing proceedings would have shown the sentencing errors that he claims occurred. He has not shown deficient performance, and he has not shown there is a reasonable probability that the result of the proceedings would have been different if counsel did not waive a court reporter.

Petitioner has not shown that the state court's denial of relief on this claim was an unreasonable application of federal law or an unreasonable determination of the facts. His ineffective assistance grounds for relief should be denied.

## VI. MOTION FOR SUMMARY JUDGMENT

Petitioner's motions for summary judgment motion should be **DENIED** for the same reasons that his habeas petition should be denied.

## VII. EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state

court records, an evidentiary hearing appears unnecessary.

## VIII. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice, and the amended motion for summary judgment should be **DENIED**.

**SO ORDERED** this 22nd day of September, 2016.

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_Irma Carrillo Ramirez_
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE